IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES B. RISH** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:08CV1373-HSO-RHW |
| | § | |
| **STATE FARM FIRE AND CASUALTY** | § | |
| **COMPANY and JOHN DOES 1-10** | § | **DEFENDANTS** |

### ORDER AND REASONS DENYING AS MOOT
### PLAINTIFF'S MOTION TO REMAND

BEFORE THE COURT is Plaintiff James B. Rish's Motion to Remand filed November 12, 2008 [4-1], in the above-captioned cause, after this case was removed by Defendant State Farm Fire and Casualty Company from the Circuit Court of Harrison County, Mississippi, First Judicial District, on October 31, 2008. *See* Notice of Removal [1-1]. Defendant's basis for its removal of this case was diversity. *See id.* at p. 2 (*citing* 28 U.S.C. §§ 1332 and 1442). Plaintiff's Motion to Remand claimed that the subject insurance policy limits were $45,100.00, and that the parties had therefore not satisfied the $75,000.00 requirement for diversity jurisdiction. *See* Mot. to Remand, at p. 1. Plaintiff then filed a Notice [6-1] of his withdrawal of the Motion to Remand on November 25, 2008. In the Notice, Plaintiff states that "the parties have resolved the issue." *See* Notice [6-1], at p. 1.

28 U.S.C. § 1332 provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). This section further provides that

"a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." 28 U.S.C. § 1332(c).

The parties do not dispute that there is complete diversity between them. As distinctly and affirmatively alleged in the pleadings in this case, Plaintiff James B. Rish is a citizen of Mississippi, while Defendant State Farm is a citizen of Illinois. *See* Compl. [1-3], at ¶¶ 1-2.  Therefore, there is complete diversity of citizenship. *See* 28 U.S.C. § 1441(a) (stating in relevant part that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").  The question presented is whether the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.  By withdrawing his Motion to Remand, Plaintiff has conceded in his Notice that there is jurisdiction.  The Court must nevertheless consider whether it has jurisdiction over this matter.

In his Complaint, Plaintiff also alleges that Defendant State Farm acted in bad faith, which resulted in an intentional and fraudulent denial or underpayment of claims.  Plaintiff requests an unspecified amount of punitive and/or exemplary damages.  *See id.* at ¶¶ 69-82, 87.

> It is well settled that, if Mississippi law permits punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in computation of the amount in controversy.... Indeed, federal courts sitting in Mississippi have routinely held that unspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdiction threshold set out in 28 U.S.C. § 1332.

*Conner v. First Family Financial Services, Inc.*, No. 4:01cv242, 2002 WL 31056778,

at *8 (N.D. Miss. August 28, 2002)(internal citations omitted).

Plaintiff's claims of fraud and bad faith, if proven at trial, could result in the imposition of punitive damages.  "Since any award of punitive damages based on such [] claims when added to compensatory damages, if proven true, would clearly be greater than $75,000, the Court concludes that the amount in controversy threshold is met on the face of [Plaintiff's] [C]omplaint."  *Conner*, 2002 WL 31056778 at *8.  The Court is of the opinion that the amount in controversy in this case is in excess of $75,000.00, exclusive of interest and costs.  The Court therefore has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, Plaintiff James B. Rish's Motion to Remand filed November 12, 2008 [4-1], is hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 1st day of December, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE